IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KRISTOFER MIKAL WRIGHT, | CV 17-00090-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Kristofer Wright's
Amended Complaint alleging a denial of medical care while incarcerated as a
federal pretrial detainee at the Yellowstone County Detention Facility ("YCDF")
and Crossroads Correctional Center in 2014 and 2015.  (Doc. 11.)

The Court has considered whether Mr. Wright's Amended Complaint is
frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a
defendant who is immune.  *See* 28 U.S.C. §1915A(b).  It has also considered
whether Mr. Wright has a reasonable opportunity to prevail on the merits.  *See* 42
U.S.C. § 1997e(g).  Dismissal is not appropriate at this time.  Defendants Linder,
Bofto, Munter, Baisch, Owens, Griffin, Vanessa, Scott, Carrusso, and Runs Above
will be required to respond to the Amended Complaint.  *See* 42 U.S.C. §
1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right

1

to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

Mr. Wright has failed to raise any allegations in his Amended Complaint against Defendants Bennion, Ostlund, Driscoll, Pitman, and Twito and they should be dismissed.  Additionally, the Defendants named in the original complaint who were not named in the Amended Complaint:  the United States of America, the Department of Justice, the Federal Bureau of Prisons, County of Yellowstone Correctional Center, and Community Corrections of America should also be dismissed.

Finally, Mr. Wright has named two medical providers at Crossroads Correctional Center as Defendants:  Dr. Joseph Berdecia and Nurse Slusser.  As discussed in the Court's March 7, 2018 Order, the Court assumes Mr. Wright is referring to his incarceration at Crossroads Correctional Center in Shelby, Montana where he was presumably held under an agreement with the United States Marshals.  (Doc. 6 at 13-14.)  Mr. Wright has named Dr. Berdecia and

2

Nurse Slusser as employees of Crossroads.  (Amended Complaint, Doc. 11 at 7.) Even though the Crossroads is a private entity, Mr. Wright was in federal custody while incarcerated at Crossroads, therefore Crossroads and employees thereof are considered federal actors rather than state actors for purposes of this case.  *Pollard v. GEO Group, Inc.*, 607 F.3d 583, 588–89 (9th Cir. 2010), *rev'd on other grounds sub nom. Minneci v. Pollard*, 565 U.S. 118 (2012); *see also Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 940–41 (1982); *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).

Normally an action for constitutional violations committed by federal actors can be brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  The United States Supreme Court, however, has made clear that a prisoner cannot assert a *Bivens* claim for damages against employees of private entities.  *See Karboau v. Clark*, 577 Fed. App'x 678, 679 (9th Cir. 2014), *citing Minneci v. Pollard*, 565 U.S. 118, 131 (2012) (federal inmate has no *Bivens* claims against private employees working at a privately operated federal prison for denial of medical care or similar conduct).  Mr. Wright's remedy against these medical providers would be to pursue an action in state court for medical malpractice or other torts.  Dr. Berdecia and Nurse Slusser should also be dismissed.

3

Accordingly, the Court issues the following:

**ORDER**

1.  Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Linder, Bofto, Munter, Baisch, Owens, Griffin, Vanessa, Scott, Carrusso, and Runs Above to waive service of summons of Mr. Wright's Amended Complaint by executing, or having counsel execute, the Waiver of Service of Summons.[1]  The Waivers must be returned to the Court within **thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing**.  If these Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within **60 days of the entry date of this Order as reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B).  *See also* 42 U.S.C. § 1997e(g)(2).

2.  The Clerk of Court shall forward the documents listed below to Defendants Linder, Bofto, Munter, Baisch, Owens, Griffin, Vanessa, and Scott at the Yellowstone County Detention Facility, P.O. Box 35017, 2323 2nd Avenue North, Billings, MT 59107; to Defendant Carrusso at Riverstone Health Clinic, 123 South 27th Street, Billings, MT 59101, and to Defendant Runs Above at Dawson County Correctional Facility, 440 Colorado Blvd., Glendive, Montana

---

[1]Defendants recommended for dismissal need not respond at this time.

59330:

    \*      Amended Complaint (Doc. 11);
    \*      this Order;
    \*      a Notice of Lawsuit & Request to Waive Service of Summons; and
    \*      a Waiver of Service of Summons.

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

3.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

4.  Mr. Wright <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

5.  Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

6.  At all times during the pendency of this action, Mr. Wright must

immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following;

## RECOMMENDATIONS

Defendants Bennion, Ostlund, Driscoll, Pitman, Twito, the United States of America, the Department of Justice, the Federal Bureau of Prison, County of Yellowstone Correctional Center, Community Corrections of America, Dr. Joseph Berdecia, and Nurse Slusser should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Wright may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

---

[2]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Wright is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 8th day of April, 2019.


_/s/ Timothy J. Cavan_
Timothy J. Cavan
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KRISTOFER MIKAL WRIGHT, | CV 17-00090-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

TO:

PA Christopher Carrusso
Riverstone Health Clinic
123 South 27th Street
Billings, MT 59101

Lester Runs Above, #2064986
Dawson County Correctional
Facility
440 Colorado Blvd.
Glendive, MT 59330

Yellowstone County Sheriff Mike Linder,
Captain Sam Bofto, Officer Shawn Munter,
Nurse Kimberly Baisch, Nurse Tamara
Owens, Nurse Janet Griffin, Nurse Ready
Vanessa, Nurse Victoria Scott
Yellowstone County Detention Center
P.O. Box 35017
2323 2nd Avenue North
Billings, MT 59107

A lawsuit has been filed against you in this Court under the number shown

above.  A copy of the Amended Complaint is attached.

This is not a summons, or an official notice from the court.  It is a request

that, to avoid the cost of service by the U.S. Marshal's Service, you waive formal

service of a summons by signing and returning the enclosed waiver.  To avoid

these expenses, you must file the signed waiver within 30 days from the date

1

shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the claims of Mr. Wright contained in the Amended Complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshal's Service to serve the summons and Second Amended Complaint on you and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 8th day of April, 2019.

  _/s/ Timothy J. Cavan_                                        
Timothy J. Cavan
United States Magistrate Judge

2

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KRISTOFER MIKAL WRIGHT,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | CV 17-00090-BLG-SPW-TJC<br><br>RULE 4 WAIVER OF THE SERVICE OF SUMMONS |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of the request to waive service of summons in this case.  Defendants also received a copy of the Amended Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following individual be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____,         _____,

_____,         _____,

_____,         _____,

_____,         _____,

_____,         _____,

1

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to do so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney or unrepresented party)


_____
(Printed name)


_____
(Address)


_____
(E-mail address)


_____
(Telephone number)

2